IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **No. 1:09-CR-126** |
| | : | |
| **v.** | : | |
| | : | |
| **ANTONIO TOVAR, JR.** | : | |

# M E M O R A N D U M

## I.       Background

Before the court is a motion filed by Antonio Tovar, Jr. pursuant to 28 U.S.C § 2255.  He seeks a reduction of sentence pursuant to the Department of Justice's revised Fast-Track Policy for Felony Illegal Re-entry Offenses.  This revised policy became effective on March 1, 2012.  Tovar was convicted of illegal re-entry pursuant to 8 U.S.C. § 1326.

Tovar claims that, at the time of sentencing, there was no fast track program in the Middle District of Pennsylvania and, therefore, there was an impediment which barred his seeking relief under the fast track program.

## II.       Discussion

A motion filed under 28 U.S.C. § 2255 must be filed within certain time limits.  A one-year limitation period

> shall run from the latest of –
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; . . . .

28 U.S.C. § 2255(f).

Tovar's judgment of conviction became final on November 29, 2010 when certiorari was denied by the United States Supreme Court. Thus, the instant petition is untimely.

To the extent that Tovar claims there was an impediment to raising this issue prior to March 1, 2012, the claim is without merit. As the time of sentencing, and in his counsel's sentencing memorandum, the issue of giving consideration to fast-track reduction of sentence was argued. This issue was also raised on his direct appeal. The Third Circuit Court of Appeals addressed this issue and upheld the sentence of this court (slip op. 09-4505, July 22, 2010).

This petition will be dismissed as untimely; alternatively, the motion could be dismissed for failure to state a claim. An appropriate order will be issued.


                                        s/Sylvia H. Rambo
                                        United States District Judge

Dated:  May 23, 2012.

2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : No. 1:09-CR-126
:
:
**v.** :
:
:
**ANTONIO TOVAR, JR.** :

### O R D E R

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motion filed pursuant to 28 U.S.C. § 2255 (doc. 38) is dismissed as untimely.  Alternatively, the motion is dismissed for failure to state a claim.

<pre>                              s/Sylvia H. Rambo
                              United States District Judge</pre>

Dated:  May 23, 2012.